IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV355-02-MU

```
ALLEN WAYNE WALL               )
     Plaintiff,                )
                               )
     v.                        )         ORDER
                               )
(FNU) HENDERSON, Deputy She-   )
  riff at the Forsyth County  )
  Detention Center; and        )
WILLIAM T. SCHATZMAN, Sheriff  )
  Of Forsyth County,           )
     Defendants.               )
_____)
```

**THIS MATTER** comes before the Court on initial review of plaintiff's form-Complaint under 42 U.S.C. §1983, filed August 16, 2003. For the reasons stated herein, the plaintiff's Complaint must be <u>transferred</u> to the federal District Court for the Middle District of North Carolina.

According to the Complaint, the plaintiff is an inmate within the North Carolina Department of Corrections who, on July 4, 2004, was being held by the defendants at the Forsyth County Detention Center. The plaintiff alleges that on that date, he was assaulted by fellow inmate Charles Harden. More particularly, the plaintiff alleges that on the date of the attack, inmate Harden had, in the presence of defendant Henderson, threatened to assault another inmate once Henderson left the area; that defendant Henderson heard the threat and observed inmate Harden's

threatening behavior; and that despite having witnessed those matters, defendant Henderson still left the area without first securing inmate Harden.  By the plaintiff's account, it was during Henderson's absence that inmate Harden attacked him, inflicting a three-inch gash to his head and a broken jaw.

Notwithstanding whether or not the plaintiff's allegations may, in fact, state a constitutional claim for relief against either of the defendants, it is abundantly clear that this Court does not have the authority to entertain the merits of such claim.  Indeed, venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in:  1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;  or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. §1391(b).

Here, the plaintiff's Complaint does _not_ state the addresses of the defendants' residences.  However, the Court has taken judicial notice of the fact that the defendants work in the Winston-Salem, North Carolina area and, therefore, likely reside in or around that area.  Likewise, all of the circumstances

underlying the plaintiff's allegations allegedly occurred in Winston-Salem, Forsyth County, North Carolina.

The City of Forsyth County is situated entirely within the Middle District of North Carolina.  Consequently, because the face of this Complaint does <u>not</u> support a finding that the defendants reside in the Western District of North Carolina, but actually may reside within the State of North Carolina, and all of the matters about which plaintiff complains occurred in the Middle District of North Carolina, the Court will <u>transfer</u> this Complaint to the Middle District of North Carolina.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Middle District of North Carolina.

**SO ORDERED.**

Signed: August 22, 2006

*Graham C. Mullen*
Graham C. Mullen
United States District Judge